## DOUGHERTY v. DOYLE et al.

(Circuit Court of Appeals, Second Circuit. September 12, 1894.)

### No. 155.

PATENTS—INFRINGEMENT—MINCE-PIE COMPOUNDS.

The Allen patent, No. 268,972, for a dry mince-pie compound, in which dryness is made the essential characteristic, and the use of cider, except as contained in the desiccated apples forming one of the ingredients, expressly excluded, is not infringed by a compound to which there is added 150 pounds of boiled cider to every 1,200 pounds of other ingredients. 59 Fed. 470, affirmed.

Appeal from a decree of the circuit court, northern district of New York, dismissing a bill in equity for alleged infringement of

letters patent No. 268,972, dated December 12, 1882, to Henry Julian Allen, for "preserved compound for mince pies."

George W. Hey, for appellant.

Josiah Sullivan, for appellees.

Before LACOMBE and SHIPMAN, Circuit Judges.

PER CURIAM. In affirming the decree upon the ground that no infringement is shown, it seems unnecessary to add anything to what has been said by the circuit judge. The patentee obtained his letters patent only after much argument and many amendments, which, with increasing insistence, presented his invention as a practically dry compound of old ingredients, viz. beef, sugar, apples, spice, currants, raisins, and salt, with, if desired, a small quantity of starch, and also, if desired, "wine, brandy, or other liquor," in so small a proportion as to "create no sensible moisture in the composition." To secure the dryness which he pointed out as characteristic of his invention, he not only cooked the meat and desiccated the apples, but also avoided the use of ingredients containing a substantial quantity of free water. Cider was commonly used as an ingredient of earlier compounds. The patentee does not include it in his enumeration, and, when referred by the patent office to Atmore's compound, distinctly states that he uses none, except such as may be present in the desiccated apples, "the cider being dried, and the free waters removed, when the apples are dried or evaporated. So that I have the cider in my compound without useless water, which may be added when the consumer wishes to use it." And in his final amendment of the specification he seeks to differentiate his invention from "mince-pie compounds [which] have heretofore been prepared in the wet state with free water present in the shape of wine, cider, or other liquid." Within the lines with which the patentee has himself circumscribed his patent, it must be construed, and, as thus construed, there is no infringement in a compound where there is added 140 pounds of boiled cider to every 1,200 pounds of the other ingredients, with the result of creating a sensible moisture in the composition. The decree of the circuit court is affirmed, with costs.